IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00607 (GBL/TCB) |
| ) | |
| $61,770 UNITED STATES CURRENCY ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion for Summary Judgment and/or Default Judgment [Dkt. 12] filed by Plaintiff United States of America (the "Government"). The Government filed this civil forfeiture action pursuant to 31 U.S.C. §§ 5317 and 5332, seeking the forfeiture of $61,770 in U.S. Currency that customs officials seized at Washington Dulles International Airport. Because there is no genuine dispute as to a material fact and the Government is entitled to judgment as a matter of law, the Court grants the Government's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

### I. Background[1]

Sekouba Konate is a native and citizen of Guinea in West Africa. In 2010, Mr. Konate served as the transitional President of Guinea following a military coup. Subsequently, Mr. Konate served as General Commander of the security forces for the African Union. In connection with his employment under a foreign government, Mr. Konate applied for and received a G-4 visa to visit the United States.

---

[1] Unless a citation provides otherwise, the following uncontroverted facts are derived from the Government's Motion [Dkt. 12]. Additionally, the Government and Sekouba Konate agreed to those facts in a related criminal proceeding in the Eastern District of Virginia. *See United States v. Konate*, No. 1:15-cr-00132-GBL, Statement of Facts [Dkt. 80].

On or about June 15, 2013, Mr. Konate traveled on an international flight to Washington Dulles International Airport, which is located in Loudoun County and within the Eastern District of Virginia. Upon his arrival in the United States, Mr. Konate provided a customs form to an officer from Customs and Border Protection ("CBP"). On this customs form, Mr. Konate falsely represented that he was not carrying over $10,000 in U.S. currency. Mr. Konate also willfully made a false statement to a CBP officer by verbally confirming that he was not carrying over $10,000. Following a series of searches of Mr. Konate's luggage, CBP discovered a total of $64,770 in U.S. currency. Mr. Konate was granted a humanitarian release of $3,000 and the remaining $61,770 (hereinafter, the "Defendant Currency") is in the custody of CBP.

On May 11, 2015, the Government filed a Verified Complaint for Forfeiture *in Rem*, seeking to enforce the forfeiture of the Defendant Currency. On June 18 2015, the Government published a notice of civil forfeiture, as required by Supplemental Rule G(4)(a)(iv)(C) of the Federal Rules of Civil Procedure. [*See* Dkt. 4.] On June 30, 2015, Mr. Konate submitted a claim of interest, in which he asserted that he "is the owner of the [Defendant] Currency and sole claimant." [Dkt. 5.]

On July 8, 2015, the Court granted Mr. Konate's unopposed Motion to Stay the civil forfeiture proceeding until the resolution of the criminal proceeding against him. The order stated that Mr. Konate must "file all responsive pleadings no later than 30 days from entry of a final order" in the criminal case. [Dkt. 9.] Subsequently, on September 8, 2015, the Court granted the Motion to Withdraw filed by counsel for Mr. Konate. [Dkt. 11.]

On December 1, 2015, Mr. Konate pleaded guilty to one count of bulk cash smuggling in violation of 31 U.S.C. § 5332(a) and two counts of making material false statements in violation of 18 U.S.C. § 1001. Pursuant to a plea agreement in the criminal case, Mr. Konate "agreed that

2

$61,770 had been properly seized" and agreed to waive his interest in those funds. *See United States v. Konate*, No. 1:15-cr-00132-GBL, Plea Agreement [Dkt. 79] at 8–9. On July 18, 2016, the Court entered judgment in the criminal case.

After more than thirty days had passed since the Court entered judgment in the criminal proceeding, on November 23, 2016, the Government filed the Motion for Summary Judgment and/or Default Judgment in this civil forfeiture proceeding. Because Mr. Konate is longer represented by counsel and is considered *pro se* in this proceeding, the Government's Motion included a *Roseboro* Notice pursuant to Local Civil Rule 7(K). [*See* Dkt. 12 at 9.] Mr. Konate has not filed a response to the Government's Motion.

The Government's Motion requests summary judgment under Federal Rule of Civil Procedure 56 or, in the alternative, default judgment under Rule 55. Because Mr. Konate initially filed a claim and no motion to strike that claim is pending, the Court will analyze the Government's Motion under Rule 56's summary judgment standard.

### III. Legal Standard

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Askew v. HRFC, LLC*, 810 F.3d 263, 266 (4th Cir. 2016).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Dash v. Mayweather*, 731 F.3d 303, 311 (4th

Cir. 2013). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*; *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citations omitted). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va.*, 718 F.3d at 313 (citation omitted). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (citation and internal quotation marks omitted).

## IV. Analysis

The Court grants the Government's Motion for Summary Judgment because the Defendant Currency is subject to forfeiture.

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), in an action brought under any civil forfeiture statute, the Government has the burden to establish by a preponderance of the evidence that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1). Any property involved in, or traceable to, a violation of 31 U.S.C. § 5316 may be seized and forfeited to the United States. 31 U.S.C. § 5317(c)(2). A person violates 31 U.S.C. § 5316 when he or she knowingly transports monetary instruments of more than $10,000 into the United States without filing the required report. *See* 31 U.S.C. § 5316(a)(1)(B). Whoever, with

the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 is guilty of a currency smuggling offense. *See* 31 U.S.C. § 5332.

Here, Mr. Konate pleaded guilty to one count of bulk cash smuggling in violation of 31 U.S.C. § 5332(a). Pursuant to the plea agreement and statement of facts, Mr. Konate also agreed that the $61,770 had been properly seized when he tried to smuggle the Defendant Currency into the United States following an international flight. Thus, the Defendant Currency at issue in this civil forfeiture proceeding is traceable to a violation under 31 U.S.C. § 5316 and is subject to forfeiture under 31 U.S.C. § 5317(c)(2). Furthermore, Mr. Konate has not challenged the Government's Motion and no other party has claimed an interest in the Defendant Currency. Accordingly, there is no genuine dispute as to a material fact and the Government is entitled to judgment as a matter of law.

## V. Conclusion

For the foregoing reasons, the Court grants the Government's Motion for Summary Judgment. An appropriate order will issue.

January 24, 2017
Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge